UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EDDIE BROWN, III** | **CIVIL ACTION NO. 23-1368** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **VICTOR ZORDAN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Eddie Brown, III, a prisoner at Ouachita Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately September 29, 2023, under 42 U.S.C. § 1983. He names the following defendants: Police Chief Victor Zordan, Narcotics Agent Joshua Lee, District Attorney Steven Tew, Assistant District Attorney Ricky Smith, Mayor Friday Ellis, Officer Jered Eppinette, Officer Hunter Reddick, and Sergeant Jeff Gibert.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff states that on December 17, 2019, he was arrested and charged with: "possession with intent/distribute/manufacture of CDS-II; distribution poss. w/intent manufacture of CDS I narcotic; contraband defined: certain activities regarding contraband in penal institutions prohibited; modification of exhaust systems[.]" [doc. # 7, p. 2]. He suggestively claims that Officers Reddick and Eppinette falsely arrested him, alleging that there was "no probable cause to initiate the traffic stop[.]" *Id.* at 3. At a preliminary examination on an unknown date, a state

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

judge allegedly found "no probable cause." *Id.* Plaintiff maintains that the "case was later dismissed on January 25, 2023." *Id.*

On July 7, 2020, Plaintiff was arrested and charged with various narcotics and weapons offenses. [doc. # 7, pp. 3-4]. He maintains that at a July 7, 2021 preliminary examination, a judge found "no probable cause" and re-set the case. *Id.* at 4. He also maintains that his "case" was "subsequently dismissed on January 25, 2023." *Id.*

Plaintiff claims that on July 21, 2020, Narcotics Agent Joshua Lee "and other Heat Unit officers arrested Plaintiff on numerous charges at his home without [] probable cause . . . ." [doc. # 7, p. 4]. He also alleges that the officers conducted an illegal search and illegally seized his vehicles and currency. *Id.* At a July 7, 2021 preliminary examination, a judge "concluded no probable cause . . . ." *Id.* at 4-5. He states that his "case" was "subsequently dismissed on January 25, 2023." *Id.* at 5.

On June 2, 2023, Plaintiff was arrested and charged with obscenity and unauthorized entry of an inhabited dwelling. [doc. # 7, p. 5]. His charges are pending. *Id.* He claims "tortious interference with a lawful contract, tortious conversion of intangibles for unlawful acquisition of, or interference with, chattel without consent of the rightful owner . . . ." *Id.*

On July 23, 2023, Plaintiff was arrested and charged with possession of controlled dangerous substances. [doc. # 7, p. 5]. The charges are pending. *Id.*

Plaintiff writes: "seeking relief from a writ of habeas corpus pending in the Louisiana State Supreme Court bearing Doc. No. 2023-KH-01218 claiming acts of trademark infringement and constitutional rights to 'self government.' [sic]." [doc. # 7, p. 5]. He adds: "He's been a 'Secured Party' since the date of October 11, 2018, and is currently active for 10 years along with a Certificate from the Department of State. 'Certificate of Registration' on record. [sic]."

2

[doc. # 1, p. 4]. He seeks "an injunction for irreparable injury for 'tortious interference' with an active contract, giving rise to violations under Title 15 U.S.C. 1111-1117." *Id.*

Plaintiff alleges that he is a victim of "extreme discrimination," was denied equal protection, was denied a claim of insurance in bad faith, and was subjected to "anti-competitive behavior from the government officials of Ouachita Parish . . . ." [doc. # 7, pp. 5-6]. He "seeks equitable relief and justice as law may require from this malicious prosecution and abuse of process." *Id.* at 6.

Plaintiff also seeks: (1) "to recover defendants' profits"; (2) compensation; (3) an injunction "for the infringement of a patent and trademark/tradename office of an actively duly registered tradename"; (4) a declaration that defendants violated the United States Constitution; and (5) to enjoin defendants "to stop using his mark or tradename on commercial instruments, taxation, assessments, or charges levied under authority of the state." [doc. # 1, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

4

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. December 17, 2019 Arrest**

Plaintiff states that on December 17, 2019, he was arrested and charged with several offenses. [doc. # 7, p. 2]. He appears to claim that Officers Reddick and Eppinette arrested him under a warrant without probable cause. *Id.* at 3. He baldly claims that the warrant "was false[.]" *Id.*

At a preliminary examination on an unknown date, a state judge allegedly found "no probable cause." *Id.* Plaintiff maintains that the "case was later dismissed on January 25, 2023."

5

*Id.*

Plaintiff's claim is "more like the tort of malicious prosecution" than a claim of false arrest because he was "arrested through the wrongful institution of legal process: an arrest pursuant to a warrant, issued through the normal legal process" that is allegedly "false." *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018). Like a false arrest claim, though, Plaintiff's claim is predicated on the absence of probable cause. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) ("Common-law malicious prosecution requires showing, in part, that a defendant instigated a criminal proceeding with improper purpose and without probable cause."); *Nieves*, 139 S. Ct. at 1726.

First, Plaintiff's claim is impermissibly conclusory. He alleges that the warrant "was false," but he does not explain why it was false or otherwise identify any alleged falsehoods.

Even assuming Plaintiff's claim was not conclusory, he does not state a plausible claim against Officers Reddick and Eppinette because he does not allege that they were sufficiently involved. For instance, he does not allege that they were involved in applying for the warrant, preparing an affidavit for a warrant application, averring to facts in a warrant application, or relaying information to others who prepared an arrest affidavit.

In addition, "[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party."[3] *Deville v. Marcantel*, 567

---

[3] The 'independent/impartial-intermediary doctrine' does not insulate a defendant from a "*Malley* claim," which the Fifth Circuit describes as a claim that an arrest was "based on a 'warrant application . . . so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Blake v. Lambert*, 921 F.3d 215, 220 (5th Cir. 2019) (*quoting Malley v. Briggs*, 475 U.S. 335, 345 (1986)). Here, however, Plaintiff does not raise a *Malley* claim. Nor does Plaintiff raise a "*Franks* claim," which the Fifth Circuit describes as a claim that an official "'swear[s] to false information in an affidavit in support of a search [or arrest] warrant, provided

6

F.3d 156, 170 (5th Cir. 2009). "[T]he initiating party may be liable for false arrest," however, "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Id.* (*quoting Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). "But, 'because the intermediary's deliberations protect even officers with malicious intent,' a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (*quoting Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 (5th Cir. 2016)).[4]

Here, to reiterate, Plaintiff does not allege that the officers withheld information or misdirected the independent intermediary by omission or commission. Consequently, there is no plausible allegation that the officers tainted the intermediary's deliberations. And Officers Reddick and Eppinette cannot be vicariously liable for the actions of any individual who did apply for the warrant. *See Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005) (declining to extend liability "beyond the affiant and person who actually prepared, or was fully responsible for the preparation of, the warrant application."); *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019) (finding it irrelevant that a third party "doctored the complaint affidavit"); *Adaway v. City of Jasper, Texas*, 2017 WL 5641535, at *9 (E.D. Tex. Apr. 28, 2017). In *Shaw*, 918 F.3d at 418,

---

that: (1) the affiant knew the information was false or would have known it was false except for the affiant's reckless disregard for the truth; and (2) the warrant would not establish probable cause without the false information.'" *Id.* (*citing Franks v. Delaware*, 438 U.S. 154, 171 (1978)). "A similar standard applies to omitting exculpatory information." *Id.* As above, Plaintiff does not allege that the officers were in any way involved in applying for, or otherwise obtaining, the warrant.

[4] The Fifth Circuit has applied the independent-intermediary doctrine to a malicious prosecution claim. *Curtis v. Sowell*, 761 F. App'x 302, 304 (5th Cir. 2019) (agreeing that the impartial intermediary doctrine absolved the appellees of liability from the plaintiff's claim that he was arrested and prosecuted without probable cause).

7

the court held that two defendants who were not the plaintiff's accusers and who did not submit the subsequent probable-cause affidavit were insulated from liability under the independent-intermediary doctrine because the plaintiff did not allege that they knew the accuser lied or that they knew their subordinates who prepared the probable-cause affidavit knew the accuser lied.

Here, accordingly Officers Reddick and Eppinette are insulated from liability under the independent-intermediary doctrine. The warrant breaks the chain of causation for false arrest/malicious prosecution. The Court should dismiss these claims.

**3. December 17, 2019 Traffic Stop and Search**

In addition to claiming that Officers Reddick and Eppinette arrested him without probable cause, Plaintiff also claims without elaborating that the officers lacked "probable cause to initiate the traffic stop" and illegally searched his person. [doc. # 7, p. 3].

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the

aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff's claims that the officers lacked "probable cause to initiate the traffic stop" and illegally searched his person accrued on December 17, 2019. Plainly, Plaintiff knew or had reason to know of the alleged unlawful stop and unlawful search the day the events occurred.[5]

Plaintiff had one year from that date, or until December 17, 2020, to file his claims. As Plaintiff did not file this proceeding until, at the earliest, September 22, 2023,[6] the statute of limitations bars the claims.

The limitations period is subject to state tolling and equitable tolling in certain circumstances. "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (*citing Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir.

---

[5] *See generally Manuel v. Lehmberg*, 690 F. App'x 245, 246 (5th Cir. 2017) ("Manuel filed his complaint on August 15, 2015. Because he alleges that his traffic stop occurred on April 9, 2011, his claim based on the unconstitutionality of the stop was barred by the two-year limitations period."); *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) ("Moore certainly possessed the 'critical facts' concerning the allegedly unreasonable search of the car on the day it occurred[,] . . . when he became 'aware that he ha[d] suffered an injury or ha[d] sufficient information to know that he ha[d] been injured.'").

[6] Plaintiff signed his initial pleading on September 22, 2023. [doc. # 1, p. 5].

1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (*quoting Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit. *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that his claims were tolled. He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[7]

Accordingly, the Court should dismiss these claims as untimely.

**4. July 7, 2020 Arrest**

Plaintiff states that he was arrested on July 7, 2020, and charged with narcotic and firearm offenses. [doc. # 7, pp. 3-4]. It appears he is merely providing context rather than raising a claim because he does not name a responsible defendant or raise any allegations concerning the arrest or charges. At best, he mentions that his "case" was later dismissed on January 25, 2023, perhaps suggesting that his charges were groundless. But absent additional detail, he only invites the Court to speculate.

To the extent Plaintiff does seek relief relating to this arrest, the Court should dismiss the ostensible claim as conclusory, vague, and therefore implausible.

---

[7] If Plaintiff contends that his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

**5. July 21, 2020 Arrest**

Plaintiff claims that on July 21, 2020, Agent Joshua Lee and others arrested him without probable cause, conducted an illegal search, and seized his property. [doc. # 7, p. 4]. The Court should dismiss these claims as duplicative.

A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations in an earlier proceeding: *Eddie Brown, III v. Victor Zordan, et al.*, 3:22-cv-1656 (W.D. La. 2022). There, Plaintiff claimed that on July 21, 2020, Officer Lee and other unidentified officers unlawfully searched his property and falsely arrested him. *Id.* at Doc. 10, p. 9. He also claimed that officers seized two vehicles and over $6,000.00 following the alleged unlawful search and arrest. *Id.*

On August 18, 2022, this Court stayed Plaintiff's claims under, *inter alia,* the following condition: "If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay[.]" *Id.* at

11

Doc. 12. On September 6, 2022, this Court administratively closed the action "without prejudice to the right of the parties to reopen the proceedings." *Id.* at Doc. 13.

As the claims in this proceeding are duplicative of the claims Plaintiff raised in the prior proceeding, the Court should dismiss them[8] without prejudice to Plaintiff's right to prosecute the duplicative claims in the previously-filed lawsuit but otherwise with prejudice.[9] *See Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

**6. July 23, 2023 Arrest**

Plaintiff was arrested on July 23, 2023, and charged with possessing controlled dangerous substances. [doc. # 7, p. 5]. His charges are pending. *Id.* For context, the undersigned provides Plaintiff's next allegations verbatim:

> Why Plaintiff is detained here at Ouachita Correctional Center, against his will. Seeking relief from a Writ of Habeas Corpus pending in the Louisiana State Supreme Court, bearing Doc. No #2023-KH-01218, claiming acts of trademark infringement and constitutional rights to 'self government.' [sic].

*Id.*

Plaintiff does not supply enough pertinent facts to state a plausible claim. Instead, he presents only labels, conclusions, and formulaic verbiage. He first asks why he is detained, he then mentions a pending proceeding in state court, and finally—without identifying a responsible

---

[8] *See Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the dismissal of only some claims—rather than an entire complaint—as duplicative and therefore malicious).

[9] That Plaintiff names different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case, although he successively sued different defendants."); *Wesley v. LeBlanc*, 815 F. App'x 817, 818 (5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that a new defendant, who he did not name in prior lawsuits, was the only person who could adequately afford him the relief he sought); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D. La. Dec. 1, 2010).

defendant—he formulaically and unrelatedly alleges breaches of a trademark and an ill-explained right to "self-government." The Court should dismiss these claims.

Even construing Plaintiff's claims liberally and in his favor, and even assuming *arguendo* he seeks habeas corpus relief (i.e., the dismissal of his pending charges), he does not seek cognizable relief.[10] Plaintiff may, *after he exhausts his state court remedies*, pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's relief as an improper request for habeas corpus.

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. *See id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and

---

[10] *See, e.g., Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

adequate.").[11] Plaintiff is further cautioned that the Court may abstain under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225 (5th Cir. 1987), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[12] *See Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

Next, and even assuming *arguendo* that Plaintiff asks this Court to order the Louisiana Supreme Court to act with respect to his pending writ application, he seeks improper mandamus relief. "Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their

---

[11] *See also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[12] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

14

judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, the Court lacks jurisdiction to grant the relief Petitioner seeks: an order forcing the state court to act. *See Nowlin v. Stephens*, 548 F. App'x 286, 287 (5th Cir. 2013) (finding that the federal district court properly construed the following as a mandamus petition: petitioner's request to order the state's highest court to, in turn, order the state trial court to "file his postconviction application and brief that it had refused to file . . . ."); *Sepeda v. Rex*, 72 F. App'x 215 (5th Cir. 2003) (holding that "the district court lacked jurisdiction to order the state courts to assist Sepeda in executing a state court judgment . . . ."); *Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) ("The district court was within its authority to construe Rhodes' complaint as a petition for a writ of mandamus because Rhodes is merely seeking to have the federal court direct the state court to perform its duties as he wishes.").[13]

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Plaintiff should raise his concerns before the Louisiana courts.

The Court should dismiss these claims.

---

[13] *See also Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief."); *Prestenbach v. Louisiana*, 2008 WL 5391994, at *1 (E.D. La. Dec. 19, 2008) (holding that the court had "no power" to order a state appellate court to provide the plaintiff "ruling on issues surrounding his pretrial commitment . . . .").

**7. Conclusory Claims**

Plaintiff alleges: "[He has] been [a] victim of extreme discrimination, being denied equal protection of the laws and treaties of United States, bad faith denial of a claim of insurance, and anti-competitive behavior from the government officials of Ouachita Parish, and seeks equitable relief and justice as law may require from this malicious prosecution and abuse of process. [sic]." [doc. # 7, pp. 5-6].

Even construing these allegations liberally and in Plaintiff's favor, he only presents labels, conclusions, and threadbare, formulaic recitations of causes of action which do not satisfy Federal Rule of Civil Procedure 8. The Court should dismiss these claims.

**8. June 2, 2023 Arrest**

Plaintiff was arrested on June 2, 2023, and charged with obscenity and unauthorized entry of an inhabited dwelling. [doc. # 7, p. 5]. The charges are pending. *Id.* After recounting his arrest and charges, he writes: "Plaintiff seeks an injunction due to the tortious interference with a lawful contract, tortious conversion of intangibles for unlawful acquisition or interference with chattel without consent of the rightful owner, which is the Plaintiff." *Id.* He also alleges: "He's been a 'Secured Party' since the date of October 11, 2018, and is currently active for 10 years along with a Certificate from the Department of State. 'Certificate of Registration' on record. [sic]." [doc. # 1, p. 4].

Plaintiff's state law claims are not cognizable under Section 1983. For instance, in *Mathews v. Bowie Cty., Tex.*, 600 F. App'x 933, 934 (5th Cir. 2015) (internal citations removed), where the plaintiff alleged that correctional officers violated a state statute, the court opined: "his conclusory allegations that his treatment violated the Texas Administrative Code are insufficient to establish § 1983 liability. Such action may constitute a breach of contract or violation of state

16

law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation." "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). In fact, this is the general practice. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). District courts have "wide discretion to dismiss state law claims" under Section 1367. *Adams v. Fuller*, 2022 WL 17250191, at *1 (5th Cir. Nov. 28, 2022).

Under the interests of economy, convenience, fairness, and comity, the Court should dismiss any remaining state law claims without prejudice.[14, 15]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Eddie Brown, III's claims that Agent Joshua Lee and others arrested him without probable cause, conducted an illegal search, and seized his property on July 21, 2020, be **DISMISSED WITHOUT PREJUDICE** to

---

[14] *See Spell v. Edwards*, 2023 WL 2110889, at *1 (5th Cir. Feb. 17, 2023); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[15] The limitations period is tolled for a minimum of 30 days after dismissal. 28 U.S.C. § 1367(d).

Plaintiff's right to prosecute his previously filed proceeding. The claims should otherwise be **DISMISSED WITH PREJUDICE** as duplicative, frivolous, and malicious.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims arising under the laws and Constitution of the United States be **DISMISSED WITH PREJUDICE** as untimely, frivolous, and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims arising under state law be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 20th day of November, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge